IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN MICHAEL CAIN** : | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-1098 |
| | : | |
| **THE COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                     MARCH 26, 2024

Plaintiff Jonathan Michael Cain filed this *pro se* civil action against the Commonwealth of Pennsylvania based on his arrest, imprisonment and prosecution. He seeks leave to proceed *in forma pauperis*. The Court will grant Cain leave to proceed *in forma pauperis* and will dismiss his Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

On May 13, 2023, Cain was stopped by police while he was driving in Lancaster County, Pennsylvania. On that date, Cain made a right turn after stopping at a stop sign on Berkshire Road in Manor Township. (Compl. at 1.) "A Manor Township police vehicle pulled up behind Cain while he was waiting to make his turn." (*Id.*) After Cain turned, Steven Haas — the police officer who Cain claims was "acting as a Highway Patrolman, an employee of the Commonwealth of Pennsylvania" — followed Cain and turned on his emergency lights, causing Cain to pull over. (*Id.* at 1-2.)

---

[1]    The following allegations are gleaned from Cain's Complaint and public records of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

Haas asked Cain for his driver's license, registration, and proof of insurance, and told Cain that he "was pulled over for the registration sticker." (*Id.* at 2.) Cain asked Haas if he "had probable cause of a crime being committed" and refused to provide the requested documents. (*Id.*) Cain also refused to identify himself or exit the vehicle when asked to do so. (*Id.*)

Four or five Manor Township police officers "employed by the Commonwealth of Pennsylvania" arrived on the scene, one of whom suggested breaking the window of the car. (*Id.* at 2.) Haas then placed his hand on his gun and directed Cain to step out of the car, at which point Cain did so because he was afraid. (*Id.*) Cain was immediately handcuffed and searched, and Haas searched his car. (*Id.*) The officers also opened Cain's wallet and found his identification information, but not a driver's license since Cain "does not hold a driver's license and has not renewed, nor does he want to renew the driver's license contract" based on his belief that "it is only required for commercial purposes." (*Id.*) Using Cain's identifying information, the officers learned of an outstanding warrant for Cain's arrest and informed him that he was under arrest on that basis. (*Id.*) Haas also allegedly ripped the license plate off of Cain's car, breaking the license plate frame, and authorized towing and impounding the car. (*Id.* at 3.)

Haas brought Cain to the Lancaster County Jail. (*Id.* at 2.) Publicly available records reflect that Cain was issued five traffic citations for summary offenses in connection with the May 13, 2023 incident, including driving on a suspended license. *Commonwealth v. Cain*, Nos. MJ-02206-TR-0000549-2023; MJ-02206-TR-0000548-2023; MJ-02206-TR-0000547-2023; MJ-02206-TR-0000520-2023; MJ-02206-TR-0000519-2023. Cain alleges that he was "falsely imprisoned" at the Lancaster County Jail for four days without seeing a magistrate judge, that he was forced to wear only a one-piece gown, and that he was "treated as a mentally unstable man because he defended his rights." (*Id.* at 3.)

On May 17, 2023, Cain was transferred to the Franklin County Jail — presumably in connection with the outstanding warrant — to face criminal charges pending against him, including charges for driving under the influence. (*Id.*); *see also Commonwealth v. Cain*, No. CP-28-CR-0000403-2021 (C.P. Franklin). Cain saw a magisterial district judge the next day. *Commonwealth v. Cain*, MJ-39302-CR-0000029-2021. Cain contends that the criminal complaint underlying that case was "perjured" and that the officer who filed those charges —also a Commonwealth employee —assaulted him and otherwise violated his rights. (Compl. at 3-4.)

Cain further alleges that the Judge assigned to the criminal case in Franklin County and the prosecutor violated his rights in the course of the prosecution. (*Id.* at 4-5.) Ultimately, the charges were *nolle prossed* on March 11, 2024, shortly before Cain filed this lawsuit. (ECF No. 5.); *see also Commonwealth v. Cain*, No. CP-28-CR-0000403-2021 (C.P. Franklin). He was released from Franklin County Jail after 303 days of incarceration. (ECF No. 5.)

In the instant civil action, Cain brings constitutional claims pursuant to 42 U.S.C. § 1983, and related state law claim against the Commonwealth based on the above-cited events. (Compl. at 6-9.) He seeks damages.[2] (*Id.* at 10.)

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915, this Court will grant Cain leave to proceed *in forma pauperis* because it appears that he was recently released from incarceration and is not capable of paying the fees to commence this civil action.[3] As such, § 1915(e)(2)(B)(ii) and (iii) applies, which

---

[2]   To the extent Cain sought release from incarceration, that request for relief is moot because he has already been released.

[3]   In a March 14, 2024 Order, Cain was directed to provide a certified copy of his prisoner account statement for the six-month period prior to him filing this civil action in accordance with 28 U.S.C. § 1915(a)(2), because it appeared that he was incarcerated at the time of filing. (ECF No. 4.) However, Cain's subsequent letter reflects that he was released shortly before he filed this civil action. (ECF No. 5.)

3

require the court to dismiss a complaint if it fails to state a claim or "seeks monetary relief against a defendant who is immune from such relief," respectively. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Cain is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

**III. DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and[or] laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, the Eleventh Amendment bars suits against a state in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Here, the Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Additionally, the Commonwealth is not considered a "person" for purposes of § 1983. *See Will*, 491 U.S. at 69. For these reasons, Cain's lawsuit is dismissed because he seeks relief

---

Accordingly, the Prison Litigation Reform Act does not apply to this civil action, meaning that Cain is not required to file any additional documentation in support of his *in forma pauperis* application.

from an immune Defendant, the Commonwealth, and because he cannot state a § 1983 claim against the Commonwealth.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Cain leave to proceed *in forma pauperis* and dismiss his Complaint. Although Cain cannot cure the defects in his claims against the Commonwealth, in an abundance of caution, the Court will give Cain leave to file an amended complaint in the event he can articulate a claim against an appropriate defendant based on the events described in his Complaint. An appropriate Order follows, which provides further information as to amendment.

*NITZA I. QUIÑONES ALEJANDRO, J.*